FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  FEB 20 2014  ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
T-MOBILE USA, INC.,

                                   Plaintiff,

– against –

WHOLESALER212, INC., *et al.*,

                                   Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-5598 (SLT)(JMA)

**TOWNES, United States District Judge:**

In mid-November 2012, plaintiff T-Mobile USA, Inc. ("Plaintiff" or "T-Mobile") commenced this action for damages and injunctive relief against defendants Wholesaler212 Inc., Unlocking 4 Less, Guy Sultan a/k/a Guy Sultana and Haim Tourjman (collectively, "Defendants"), alleging that Defendants engaged in a "Subsidy Theft Scheme" involving T-Mobile prepaid wireless telephones. On November 30, 2012, Defendants, proceeding *pro se*, stipulated to the entry of a preliminary injunction and an "Order Granting Expedited Discovery and Order to Preserve Evidence." *See* Stipulation for Entry of Preliminary Injunction, Expedited Discovery and an Order to Preserve Evidence, dated Nov. 30, 2012, p. 1. However, Defendants never answered or otherwise responded to the complaint. In January 2013, the Clerk of Court entered a default against all four Defendants pursuant to Fed. R. Civ. P. 55(a).

Plaintiff now moves for a default judgment pursuant to Fed. R. Civ. P. 55(b)(2). In a document entitled "Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction against Defendants and Memorandum of Law in Support" ("Plaintiff's Memo"), Plaintiff lists three "remedies that should be granted to T-Mobile" (Plaintiff's Memo, p. 17). First, Plaintiff seeks entry of a permanent injunction pursuant to the Lanham Act and the

Computer Fraud and Abuse Act. Second, Plaintiff requests that this Court award damages in the amount $1,047,254.64 against Defendants, jointly and severally. Third, Plaintiff requests leave to file a petition for an award of reasonable attorneys' fees and costs. Defendants have not filed any submissions in opposition to Plaintiff's motion.

This Court is satisfied that Plaintiff is entitled to injunctive relief. However, this Court is not satisfied, based on the documents attached to Plaintiff's Memo, that Plaintiff is entitled to $1,047,254.64 in damages. In support of the request for damages, Plaintiff's Memo states:

> T-Mobile has identified that as part of their Subsidy Theft Scheme, the Defendants were collectively selling at least one thousand two hundred and fifty (1,250) new T-Mobile Phones, and that T-Mobile suffers at least $276.00 in losses for each unauthorized resale of a T-Mobile Phone. *See* Declaration of Matthew Akers ("Akers Decl.") . . . at ¶¶ 6-7. Additionally, excluding attorneys' fees and litigation costs, T-Mobile expended $4,084.88 investigating the Defendants. Akers Decl. at ¶8; Declaration of Stuart Drobny . . . at ¶ 6. Because Defendants were part of the same conspiracy, they are jointly and severally liable for these damages, which amount to $349,084.88, exclusive of attorneys' fees and costs. Akers Decl. at ¶ 9 . . . .

(Plaintiff's Memo, p. 21). After noting that treble damages can be awarded for violations of the Lanham Act, Plaintiff argues that "[i]n light of Defendants' willful violations of the Lanham Act and absence from this case, and because they have undoubtedly sold hundreds, if not thousands, of additional Prepaid Phones, causing damage well beyond that actually confirmed by T-Mobile's investigation, trebling is appropriate here" (*id.*, p. 22).

This Court has reviewed the Akers Declaration (attached to Plaintiff's Memo as Exhibit C), which is cited by Plaintiff as the source of the figures on which most of the damages requested are based. In his declaration, Mr. Akers states that "T-Mobile's fraud department,"

2

which "calculates the average lost revenue from illicit acquisition and resale of T-Mobile Phones on an ongoing basis" has calculated "that at a minimum it suffers $276.00 in losses associated with each unauthorized resale of a new prepaid T-Mobile Phone" (Akers Decl. at ¶ 6). However, Mr. Akers offers no specifics as to how the fraud department arrived at the $276.00 figure. Moreover, it is unclear whether Mr. Akers, as Senior Channel Account Manager at T-Mobile, is affiliated with the "fraud department" or has personal knowledge of how that $276.00 figure was determined. The Akers Declaration states only that Mr. Akers' responsibilities include "planning, budgeting, and expense management for T-Mobile's sales organization nationwide" (*id.* at ¶ 1).

Similarly, the Akers Declaration does not identify the source of the information as to the number of T-Mobile telephones sold by Defendants. The declaration states only that "T-Mobile has identified that as part of their Subsidy Theft Scheme, Defendants . . . were collectively selling at least one thousand two hundred and fifty (1,250) new T-Mobile Phones" (*id.* at ¶ 7). However, the complaint contains detailed allegations regarding the undercover investigation of Defendants which state only that defendant Sultan admitted that he and defendant Wholsesaler212, Inc., had 100 T-Mobile telephones as of August 15, 2012, and that an undercover investigator purchased fifteen of them (Complaint at ¶¶ 47-48). The complaint does not refer to additional telephones.

This Court cannot base its determination of damages in this case on Mr. Akers' conclusory, hearsay statements. Accordingly, Plaintiff is directed to submit supplemental submissions to support the figures set forth in paragraphs 6 and 7 of the Akers Declaration. This Court defers decision on whether it would be appropriate to grant attorney's fees in this case. However, in the interests resolving this matter expeditiously, this Court grants Plaintiff leave to

3

file a petition for an award of reasonable attorneys' fees and costs along with the supplemental submissions.

## CONCLUSION

For the reasons set forth above, Plaintiff shall, or before March 3, 2014, serve and file supplemental submissions in support its request for damages and in accordance with this Memorandum and Order. Although this Court has yet to determine whether it would be appropriate to grant attorney's fees in this case, Plaintiff may file a petition for an award of reasonable attorneys' fees and costs along with the supplemental submissions.

**SO ORDERED.**

/s/(SLT)

/SANDRA L. TOWNES
United States District Judge

Dated: February 11, 2014
       Brooklyn, New York

4